UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL DIVISION

CASE NO:

DONOVAN C. EARLE,

       Plaintiff,

v.

MICHAEL VALDES,

       Defendant.
_____/

**COMPLAINT FOR DAMAGES**

The Plaintiff, DONOVAN C. EARLE ("Donovan"), sues the Defendant. MICHAEL VALDES, and alleges:

**THE PARTIES, JURISDICTION, AND VENUE**

1. At all times material to this action, DONOVAN was and is a citizen and resident of Miami-Dade County, Florida.

2. Defendant, MICHAEL VALDES, is a sworn police officer employed by the City of Coral Gables and acting within the scope of his employment when this incident occurred.

3. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983 and pursuant to the doctrine of pendent claim jurisdiction.

4. Venue is proper because the events that give rise to this claim all occurred within the Southern District of Florida, Miami Division.

## THE FACTS GIVING RISE TO THE CLAIM

5. On February 2, 2016, DONOVAN was employed as a clerk by a law firm, Rasco Klock Perez & Nieto, 2555 Ponce de Leon Blvd., Suite 600, Coral Gables, Florida 33134.

6. On that same day, a client ("the client") of the firm was visiting with one of the partners, Joseph P. Klock, Jr. ("Klock"), and left about 6:30 P.M.. He stated that he had an errand to run, but would be returning.

7. Shortly after he left, DONOVAN, while exercising his typical duties at the firm, received a call on Klock's line from the client, who told DONOVAN that he had been pulled over by the Coral Gables Police and wanted Klock to come to the scene, which he described as being on a "back street" near the check cashing store where he was headed, which is on South Dixie Highway, just southwest of LeJeune Road.

8. At Klock's request and direction, DONOVAN drove Klock and an individual who had been at his office, Jamie Brown ("Brown"), in the direction of that location, but none of them were able to see the Client or his car at the intersection of Le Jeune Road and Ponce de Leon Blvd.

9. While returning to the direction of the office, while travelling east on Ponce de Leon Boulevard towards Le Jeune Road, DONOVAN spotted what appeared to be a white car trunk parked in a pitch black parking lot at 4600 Le Jeune and pointed that fact out to Klock.

10. DONOVAN drove north on Le Jeune and parked in a lot to the north of 4600 Le Jeune Road, after dropping Klock and Brown off closer to the building.

11. Klock and Brown walked down the road behind 4600 Le Jeune; it was very dark as well.

12. As Klock and Brown came about midway behind the building, a tall, thin police officer was walking at a quick step towards Klock. At that point, DONOVAN could see two

police cars parked in the dark, with no lights on. Klock and Brown were together, DONOVAN was trailing behind by about 50 feet on the phone talking with his mother, since deceased, who was under treatment for cancer.

13. DONOVAN heard Klock address Officer Valdes, demanding to know why he was sitting in the dark with two cars and a suspect in a completely hidden area.

14. Officer Valdes was acting in a very aggressive fashion as he addressed Klock. He was using extreme profanity, including the word, "fuck" or "fucking" at least 20 times and was yelling that he could do whatever he wanted to do and that Klock "could go fuck himself.".

15. DONOVAN then began texting on his phone as he followed behind.

16. Klock demanded that Officer Valdes summon a sergeant, and as he did, another officer emerged from the dark next to one of the police cars and asked that Klock accompany him down towards Ponce de Leon, which Klock did, leaving Brown and Donovan standing about 30 feet from Klock and the second officer.

17. At that point, and for no reason, without saying a word, Officer Valdes pushed Brown twice. Klock called to Brown and told him not to do anything in response but to walk towards him which Brown did. Klock told Brown that Officer Valdes wanted him to take a swing at him so he could arrest him or worse.

18. Just as Brown reached Klock and the second officer, and while DONOVAN was standing by the side of the road texting on his phone, again without warning or saying a word, Officer Valdes lunged towards DONOVAN, grabbing his cell phone and then threw it against the street and retaining wall, causing it to break apart.

19. Officer Valdes then grabbed DONOVAN and slammed him up against a police unit that had just pulled up and put him in handcuffs.

3

20.  When DONOVAN asked why he was being arrested, and why Officer Valdes had ruined his phone and assaulted him, Officer Valdes replied: "Fuck you I don't give a fuck about you or him."(pointing at Klock).

21.  DONOVAN was taken to the Coral Gables police station without ever being told what he was being charged with. After about two and one-half hours of sitting in the station, they told him that they were taking him to jail, which they then did.

22.  DONOVAN was not released until 1:00 P.M. the next day and had to post a bond of $1.000. He discovered that Officer Valdes had charged him with resisting arrest without violence, which was untrue. DONOVAN had not resisted. He was just attacked and beaten by Officer Valdes.

23.  When Klock asked Sgt Thomas who had arrived on the scene to stop the arrest, and despite Klock's and Brown's statements about what had occurred, Sgt Thomas told Klock that he had no power to reverse the arresting decision by Officer Valdes.

24.  Officer Valdes prepared a police report which contained page after page of lies, accusing DONOVAN of misconduct which simply had not occurred.

25.  Based upon the total lack of evidence suggesting that DONOVAN had resisted arrest at all or committed any other crime, the State Attorney's Office dismissed the charges filed by Officer Valdes.

26.  DONOVAN has hired undersigned counsel to represent him in this action and is obligated to pay them a reasonable fee for their services for which Officer Valdes is responsible.

## COUNT I

### FOURTH AMENDMENT FALSE ARREST/FALSE IMPRISONMENT

27.  DONOVAN re-alleges the allegations contained in paragraphs 1-26 of this Complaint.

4

28. This action is brought by DONOVAN pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by Officer Michael Valdes of the Coral Gables Police Department.

29. Officer Valdes violated DONOVAN's clearly-established Fourth Amendment right to be free from false arrest and imprisonment when he arrested him without probable cause.

30. DONOVAN never resisted any of the officer's commands.

31. Nevertheless, the officer falsely arrested DONOVAN for resisting arrest without violence.

32. Officer Valdes did not have probable cause to arrest him.

WHEREFORE, Plaintiff, DONOVAN EARLE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT II

## FOURTH AMENDMENT EXCESSIVE FORCE

33. DONOVAN re-alleges the allegations contained in paragraphs 1-26 of this Complaint.

34. This action is brought by DONOVAN pursuant to title 42, section 1983, United States Code, for the deprivation of his Civil Rights caused by City of Coral Gables Police Officer MICHAEL VALDES.

35. Officer Valdes violated DONOVAN's clearly established Fourth Amendment right to be free from excessive force when he used force against him that was totally unwarranted and unreasonable under the circumstances.

36. During this entire ordeal, DONOVAN did not resist any of Officer Valdes's commands and fully complied with his commands.

37. DONOVAN did not make any threatening movements or attempt to flee from Officer Valdes.

38. The actions of Officer Valdes caused DONOVAN to sustain extensive damages, humiliation, and embarrassment. He has lost the capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

39. Accordingly, Officer Valdes is liable for DONOVAN's damages.

WHEREFORE, Plaintiff, DONOVAN EARLE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT III
## STATE LAW FALSE ARREST/IMPRISONMENT

40. DONOVAN re-alleges the allegations contained in paragraphs 1-26 of this Complaint.

41. This action is brought by DONOVAN for false arrest and false imprisonment.

42. This Court has pendent jurisdiction over the claim because this claim and the federal claim arise out of the same common nucleus of operative fact and thus are transactionally related.

43. On February 2, 2016, Officer while acting within the scope of his employment as a City of Coral Gables police officer, intentionally restrained DONOVAN against his will under circumstances that were unreasonable and unwarranted, and without legal authority (probable cause to arrest), which caused DONOVAN harm.

44.     Specifically, Officer Valdes arrested DONOVAN for resisting arrest without violence, although there was no probable cause to arrest DONOVAN for that or any other offense.

45.     The State dropped the charge, but as a result of the false arrest/imprisonment, DONOVAN suffered extensive damages, humiliation, and embarrassment.

WHEREFORE, Plaintiff, DONOVAN EARLE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

## COUNT IV
## STATE LAW MALICIOUS PROSECUTION

46.     DONOVAN re-alleges the allegations contained in paragraphs 1-26 of this Complaint.

47.     This action is brought by DONOVAN for malicious prosecution under the laws of the State of Florida.

48.     This Court has pendent jurisdiction over the claim because this claim and the federal claim arise out of the same common nucleus of operative fact and thus are transactionally related.

49.     Officer Valdes caused a criminal judicial proceeding to commence against DONOVAN for resisting arrest without violence based upon the complete lies made by Officer Valdes to the State Attorney's Office when he filed a false police report and provided false statements to the State Attorney's Office claiming that DONOVAN had resisted arrest.

50.     Those charges were subsequently dismissed by the State.

51. DONOVAN sustained damages including the loss of capacity to enjoy life, he has been permanently scarred and severely injured, and he has sustained other compensable injuries and other significant damage and injury, including psychological injury.

52. Accordingly, the Officer Valdes is liable to DONOVAN for his damages.

WHEREFORE, Plaintiff, DONOVAN EARLE, demands judgment for his economic and noneconomic damages, attorney's fees, the costs of prosecuting this action, and any other relief this Court deems proper and just.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial of all issues so triable as of right by a jury.

**DATED:** December 14, 2016.

> Joseph P. Klock, Jr., Esq., FBN 156678
> jklock@rascoklock.com
> Hilton Napoleon, II,  Esq., FBN 17593
> hnapoleon@rascoklock.com
> RASCO KLOCK  PEREZ NIETO
> 2555 Ponce de Leon Blvd., Suite 600
> Coral Gables, Florida 33134
> Telephone: 305.476.7100
> Facsimile: 305.675.7707
>
> *Counsel for the Plaintiff, Donovan C Earle*
>
> By: /s/ Joseph P. Klock, Jr
>    Joseph P. Klock Jr.

4816-8285-5998, v.  1